BEER, Judge
(dissenting in part and concurring in part).
In his written reasons for judgment, the able trial judge states:
“The Court is of the opinion that the plaintiff sustained the injuries complained of in an accident occurring while he was employed for carpentry work by defendant, Boudreaux and Dane Construction Company. Viewing his medical treatment and the opinions of the physicians who testified in this case, either in court or by deposition, the most favorable opinion that can be rendered in favor of plaintiff is that he had a disability from the date of injury until January 17, 1975 or a total of 140 weeks. The Court considers this to be in line with the testimony and the evidence obtained at the trial. The Court is also aware that it is under a duty to interpret the medical opinions in a light most favorable to the injured employee. This duty is fulfilled by accepting Dr. Phillips testimony relative to the length of disability of this plaintiff as set out herein above. It is interesting to note that in September of 1972 the plaintiff went to Ochsner Foundation Hospital for treatment for a scalp wound and did not complain of his back at that time. Additionally, he gave his employment as a carpenter working for Mr. Anders. “The plaintiff also performed his duties as a merchant seaman continuously from the date of January 1973 through the date of his trial. Testimony was adduced to the effect that he did not have to do anything physical to earn his money. It strains the imagination of the Court to believe that a man could hold down the position of merchant seaman for two (2) years, passing physical examinations in the interim, and be totally and perma *330 nently disabled from doing physical labor.”
A careful examination of the record leads me to the conclusion that the trial court’s findings are not manifestly erroneous. When, therefore, I accord them the “great weight” to which they are, by mandate, entitled, I conclude that the trial court’s judgment should be affirmed. Thus, I am obliged to respectfully dissent from that portion of the opinion of my brothers which sets aside the award made by the trial court and substitutes an award for 500 weeks.
I concur in that portion of the majority opinion which concludes that there is no merit to appellant’s contention relative to penalties and attorneys’ fees, but dissent from the holding that costs in this court should be paid by defendant-appellee.